UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KNUT HORNELAND,

    Plaintiff,

v.                                                    Case No: 8:14-cv-527-T-30TGW

U.S. BANK, N.A.,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon the Plaintiff's Motion for Remand (Dkt. #11) and Defendant's Response in Opposition to the Motion (Dkt. #12) and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Remand (Dkt. #15). Upon review and consideration, it is the Court's conclusion that the Motion should be granted.

This case is a putative class action lawsuit. Plaintiff is a residential homeowner whose mortgage is owned and or serviced by Defendant U.S. Bank, N.A ("U.S. Bank"). Plaintiff's lawsuit alleges that U.S. Bank routinely and wrongfully failed to promptly apply mortgage loan prepayments of principal to its consumers' accounts. The complaint seeks class wide injunctive and declaratory relief, damages for breach of contract, and conversion.

U.S. Bank removed this case on the basis that the Court has jurisdiction pursuant to the Class Action Fairness Act ("CAFA") which requires minimal diversity between the

litigants and that the amount in controversy exceed the sum of $5 million exclusive of interest or costs. 28 U.S.C. 1332(d)(2).

## *Discussion*

### I. Legal Standard

"[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997). These subject matter jurisdiction requirements are applicable to all cases brought in federal court, including cases removed from state court. *See* 28 U.S.C. § 1441(a) (only authorizing removal of actions "of which the district courts of the United States have original jurisdiction"). In addition to the jurisdictional requirement, there is also the procedural requirement that removal be timely. *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009).

Under CAFA, federal courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states). 28 U.S.C. § 1332(d)(2). The removing party bears the burden of demonstrating that federal jurisdiction exists. *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001); *Pretka v. Kolter City Plaza II*, 608 F.3d 744, 752 (11th Cir. 2010). *See also Evans v .Walter Indus., Inc.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("CAFA does not change the traditional rule that the party seeking to remove the case bears the burden of establishing federal jurisdiction.")

In the absence of an allegation of a specific amount of damages in the complaint, "removal from state court is [jurisdictionally] proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka*, 608 F.3d at 754 (internal quotations and citations omitted); *see also Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). If it is "not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Pretka*, 608 F.3d at 754; *see also Sierminski*, 216 F.3d at 949. The removing party must demonstrate "by a preponderance of the evidence that the amount in controversy can more likely than not be satisfied." *Kirkland*, 243 F.3d at 1281 n. 5; *Pretka*, 608 F.3d at 752. A court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden. *Pretka*, 608 F.3d at 753–54. A removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *Id.* at 754.

When a plaintiff objects to removal, the defendant, as the removing party, bears the burden of proving that the action was properly removed. *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). This burden is a heavy one, as district courts construe removal statutes narrowly, and resolve all doubts about jurisdiction in favor of remand to state court. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994) ("where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand").

### II. U.S. Bank's Notice of Removal

U.S. Bank asserts in its Notice of Removal that diversity exists between the class representative and U.S. Bank, and that the complaint alleges sufficient facts to bring this action under CAFA. The putative class is described in the complaint as follows:

> [A]ll persons and/or entities who; (a) own residential property located in the State of Florida; (b) are a borrower or mortgagee under a note and mortgage serviced by US Bank on the above real property; (c) made a Prepayment under their note and mortgage to US Bank from December 1, 2008, through the date this case is certified; and (d) where US Bank did not promptly apply the Prepayment in accordance with the terms of their note and mortgage, but instead held said payment for any period of time.
>
> [B]ut excluded from the Class are any such persons whose (a) Prepayment claims have already been fully paid by US Bank or otherwise satisfied through litigation or settlement; and/or (b) Prepayment claims are the subject of pending litigation against US Bank.

U.S. Bank filed the Affidavit of Robert Smiley, the Executive Vice President of the U.S. Bank Home Mortgage division. In the affidavit, Smiley refutes that U.S. Bank has engaged in any of the practices alleged in the complaint, but states that from March 2011 through February 2014,[1] U.S. Bank received approximately $160 million dollars in principal payments on Florida residential mortgages. The number of prepayments in this period was approximately 526,000 with an average prepayment amount of $305 at an average interest rate of 5%.

Smiley asserts that if the bank held all of the aforementioned prepayments in suspense from March 2011 to the present, the aggregate loss to the class members would

---

[1] U.S. Bank filed its Notice of Removal on March 3, 2014. (Dkt. # 1).

exceed $12 million. Further, if U.S. Bank held all prepayments during the class period (December 2008 to present) for an average of four months, the total aggregate loss would exceed $5 million. Smiley bases his conclusions in the affidavit on records he reviewed pertaining to transactions during the class period.

### III.    Plaintiff's Motion to Remand

Plaintiff argues that U.S. Bank has failed to properly establish the amount in controversy exceeds this court's jurisdictional threshold of $5 million by a preponderance of the evidence. Plaintiff relies on the affidavit of Steven S. Oscher, a licensed Certified Public Accountant retained by Plaintiff to review U.S. Bank's claims regarding the estimated amount in controversy in this case. He concludes that the information provided by U.S. Bank in Smiley's affidavit is insufficient to determine the amount of excess interest paid by the class members because the amount of time the prepayments were actually held prior to being applied to the loan principal balance is not disclosed by U.S. Bank.

The complaint alleges that the prepayments were held in suspense for an "indefinite period." However, Oscher now states that a review of Plaintiff's bank statements show that U.S. Bank applied his prepayments the month following the payment. Therefore, Oscher calculated the amount of excess interest charged to putative class members assuming that U.S. Bank held the prepayment for a maximum of thirty days prior to being applied to the loan balance. Based on that formula and the data provided by U.S. Bank, the amount of excess interest at issue is an estimated $1,373,550 which is far less than the threshold.

### IV.     The Amount in Controversy

U.S. Bank's calculations are insufficient to allow the Court to conclude that it has jurisdiction based on CAFA. U.S. Bank's calculations are alternatively based on holding the prepayment in suspense for two time periods: (1) from their receipt as early as March 2011 through the present time or (2) for four months. The allegations in the complaint do not allege facts from which the Court could reasonably infer that the prepayments were held in suspense for either time period.

It also appears that U.S. Bank should be able to give a more accurate calculation of the amounts at issue given that Smiley asserts in his affidavit that he relied on the bank's records regarding the prepayments made during the class period and could identify the number of prepayments made during a more limited time period. Smiley provides no basis for using a three year or four month period in calculating the amount of aggregate loss. Further, the affidavit states that if all of the prepayments made during the class period were held for four months, the amount of the aggregate loss exceeds $5 million, but it does not state the actual number calculated by Smiley, thereby providing a conclusion without a factual basis.   Further, the affidavit does not state how many prepayments were made since December 2008, the 526,000 figure is based only on payments made as of March 2011. Smiley does not attest to which documents he reviewed to prepare these numbers, how they were reviewed or what information in the records were utilized to come to his conclusions.

U.S. Bank offers an alternate calculation in its Response to the Motion. It treats Plaintiff's claim as "typical" and takes the $776.84 alleged by Plaintiff as the excess interest he paid, and multiplies it by 70,000 consumers - the amount of residential

6

mortgages it holds or services in Florida. Although it is able to identify the number and amount of prepayments made during a specified period, U.S. Bank does not provide the amount of consumers who made prepayments during the proposed class period. Its explanation for failing to do so is that the March 2011 figures were "readily available" and according to its calculations, those figures brought the amount in controversy to an excess of $5 million thereby eliminating the need to inquire further. It's not clear whether the amount of damages in Plaintiff's claims are typical given that he made several substantial prepayments ranging from $438.18 to $25,000. The Smiley affidavit states that the average prepayment was for $305, which would result in a much lower damages calculation for the average class participant. Therefore, the Court cannot reasonably infer from the record that Plaintiff's amount of damages is typical of the class. *See Pretka*, 608 F. 3d at 769 (stating that the "typicality element of a class action, by itself, does not allow the Court to infer that the *amounts* of the named plaintiffs' claims are similar to those of other class members.") (Emphasis in original).

U.S. Bank's reliance on *S. Florida Wellness, Inc. v. Allstate Ins. Co.,* 24 Fla. L. Weekly Fed. C 1041, 2014 WL 576111 (11th Cir. 2014) is unpersuasive. In that case, the Eleventh Circuit held that the amount in controversy requirement under CAFA was satisfied when the defendant calculated damages which exceeded $68 million. The plaintiff did not provide any evidence to rebut the defendant's affidavit or controvert its calculations. Further, the case involved calculations based on medical treatment that the putative class members already received and actual bills issued showing the amount incurred by those putative class members. The plaintiff argued that the amount was

speculative because there were several events that had to occur before a class member could recover; it was essentially arguing that the Court should infer the amount of actual recovery as the standard instead of looking at the amount in controversy. *Id*. at *5 ("As we have said before, 'the pertinent question [at the jurisdictional stage] is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover.'") (quoting *Pretka*, 608 F.3d at 751).

In this case, the estimates are based on an average prepayment amount between March 2011 and February 2013, multiplied by an average interest rate on all of U.S. Bank's consumers who may or may not have made a prepayment. If U.S. Bank included the prepayments made since 2008 that could change the averages which would affect the estimated amount in controversy. Further, U.S. Bank claims that the excess interest charges do not exist since it denies holding any of the prepayments in suspense, so its calculations are not based on the actual interest charged to class members.

The more appropriate calculation suggested by Plaintiff is the additional interest incurred by each class member on his or her mortgage balance for the period of time between when U.S. Bank received that prepayment and when U.S. Bank actually applied the prepayment to the principal balance. Whether a thirty day or four month period is a reasonable basis in unclear to the Court, but it is U.S. Bank's burden to prove by a preponderance that the amount in controversy is at least $5 million. The evidence before the Court raises doubts as to the amount in controversy, and the Court must resolve any doubt in favor of remand. *See Miedema v. Maytag Corp.*, 450 F.3d 1322 (11th Cir. 2006) (holding that "in resolving the issue of subject matter jurisdiction, the district court properly

placed the burden of proof on the [], the removing party, and did not err by applying the principle that doubts about jurisdiction are to be resolved in favor of remand.")   Therefore the Court will grant Plaintiff's Motion to Remand. U.S. Bank may remove this action again if it can show potential damages exceed $5 million dollars.

### V.     Attorney's Fees and Costs

Plaintiff requests attorney's fees pursuant to 28 U.S.C. §1447(c) based on U.S. Bank's lack of an objectively reasonable basis for removing the action. The Court disagrees and therefore denies Plaintiff's request for attorney's fees and costs.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Remand (Dkt. #11) is GRANTED in part as stated herein.

2. The Clerk is directed to remand this case to the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and provide that court with a copy of this Order.

3. The Clerk is directed to deny any pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 2nd day of May, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

9